UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXAMP, INC., <br><br> Plaintiff, <br><br> -against- <br><br> CONSOLIDATED EDISON, INC. and ORANGE AND ROCKLAND UTILITIES, INC., <br><br> Defendants. | Case No. 1:24-cv-01502-JGLC |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the Parties to this Action respectfully request that the Court issue a protective order to protect the confidentiality of nonpublic and competitively-sensitive information that may need to be disclosed in connection with discovery in this case, and to guard against the waiver of attorney-client privilege and work product protection pursuant to Federal Rule of Evidence 502(d). This Order shall apply to all documents, responses to interrogatories and requests for admission, deposition transcripts, any deposition transcript exhibits, and any other information, documents, objects, or things which have been or will be produced, disclosed, or received by any party or other third party during pretrial proceedings in this action. The Parties agree that a protective order concerning such information is necessary to protect the confidentiality and integrity of the information, and to prevent injury (including without limitation, financial and competitive injury) that the producing person or the person who is the subject of the information might incur from public disclosure.

The Parties having agreed to the following terms, and the Court having found that good cause exists for issuance of an appropriately tailored Protective and Rule 502(d) Order governing documents produced in this action, it is therefore hereby ORDERED:

## I.  Definitions

As used in this Order,

1. "Action" or "Litigation" means the above-captioned civil action, *Nexamp, Inc. v. Consolidated Edison, Inc. and Orange and Rockland Utilities, Inc.*, Case No. 1:24-cv-01502-JGLC, pending in the United States District Court for the Southern District of New York.

2. "Designating Person" means any Producing Person or Third Party that designates information as Confidential or Attorney's Eyes Only.

3. "Discovery Material" shall mean information of any kind provided during discovery in this Action, including all Documents and communications.

4. "Documents" as used herein is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, electronic, or graphic material, however produced or reproduced, including but not limited to all written or printed matter, computer data, graphic or manual records or representations, and electronic, mechanical, or electric records or representations of any kind.

5. "Parties" means, collectively, each Party.

6. "Party" means a named party to the Action, including any named party added or joined to any complaint in the Action.

7. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8. "Privileged Material" means any and all Documents, communications, or other information protected by the attorney-client privilege, work-product protection, or any other applicable privilege or protection from disclosure.

9. "Producing Person" means the Person producing documents, including Persons who are Third Parties to this Litigation.

10. "Third Party" means any Person that is not a Party to this Action.

## II.   Provisions

Any Person subject to this Order—including without limitation the Parties to this Action, their representatives, agents, experts and consultants, all Third Parties providing Discovery Material in this Action, and all other interested Persons with actual or constructive notice of this Order—shall adhere to the following terms:

### A. Designation of Material as Confidential or Attorneys Eyes Only

1. Any Person subject to this Order who receives from any other Person any Discovery Material that is designated as Confidential pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The Producing Person may designate as Confidential information that is commercially sensitive, proprietary, or otherwise non-public, and which could harm the competitive position of the producing person or create public safety risk if disclosed.

3. The Producing Person may designate as "Attorneys Eyes Only" any highly sensitive Confidential information, including but not limited to:

   a. Trade secrets and other proprietary information, including information related to product development, research, and formulation;

   b. Business methods or strategies;

3

      c. Actual or projected financial information (including income, profits, losses, and expenses);

      d. Marketing, pricing, sales, and inventory data or strategies;

      e. Information concerning customer or supplier relationships; and

      f. Personnel information, including salary, benefits, and performance information.

4. With respect to the Confidential or Attorneys Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Person or that Person's counsel may designate such portion as Confidential or Attorneys Eyes Only by stamping or otherwise clearly marking as Confidential or Attorneys Eyes Only the protected portion in a manner that will not interfere with legibility or audibility or by designating the material as Confidential or Attorneys Eyes Only in an accompanying cover letter or on a disk or media cover. Any Party may designate as Confidential or Attorneys Eyes Only Discovery Material produced by that Party by advising the other Parties in writing of such designation.

5. Information disclosed at a deposition may be designated Confidential or Attorneys Eyes Only by any Party by indicating on the record at the deposition that the testimony is Confidential or Attorneys Eyes Only and is subject to this Order. If such a designation is not made at the time of the deposition, any transcript containing Confidential or Attorneys Eyes Only information may be designated as containing such information within thirty (30) days after the date of the designating Party's receipt of the final deposition transcript. Designation shall be in writing and served on all Parties. During this thirty (30) day period, the deposition transcript shall be treated as Confidential information.

6. If, at any time prior to the trial of this Action, a Producing Person realizes that some portion(s) of Discovery Material that that Person previously produced without limitation should

be designated as Confidential or Attorneys Eyes Only, they may so designate by so apprising all parties in writing, and such designated portions of the Discovery Material will thereafter be treated as Confidential or Attorneys Eyes Only under the terms of this Order, subject to Paragraph II(A)(7) below.

       7.      Any Party may object to the designation of any information as Confidential or Attorneys Eyes Only pursuant to the terms of this Order by serving a written notice of the objection on the Designating Person and all other Parties to the action. The Party objecting to the designation and the Designating Person shall engage in good faith efforts to resolve the disagreement over the designation. If the objecting Party and the Designating Person are unable to resolve the dispute over the designation within fourteen (14) days of the objecting Party's notice to the Designating Person, either the objecting Party or the Designating Person may move the Court for an Order with respect to the proposed designation. Regardless of which Party makes such a motion, the Designating Person will have the burden of demonstrating that the designation is appropriate.

### B. Use of Confidential and/or Attorneys Eyes Only Information

       1.      No Person subject to this Order receiving Confidential or Attorneys Eyes Only Discovery Material may use, directly or indirectly, this information for any case or purpose other than the litigation of this specific Action, for which such information was requested, and in compliance with the terms of this Order.

       2.      No Person subject to this Order other than the Producing Person shall disclose, directly or indirectly, any of the Discovery Material designated by the Producing Person as Confidential to any other Person whomsoever, except to:

a. up to three current or former employees from each Party who do not serve in a legal capacity, to be identified by each Party in writing at any time after the Court enters this Order;

b. in-house counsel for the Parties to this Action who are actively involved in assisting with the prosecution or defense of this Action;

c. outside counsel retained by the Parties specifically for this Action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

d. as to any Document, its author, its addressee, and any other Person expressly referenced in or in indicated on the face of the Document as having received a copy of such Document;

e. any Person specifically retained by a Party to serve as an expert witness, consultant, or otherwise providing specialized advice to counsel in connection with this Action, provided that such Person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. any witnesses giving testimony during a deposition, court hearing, or trial in this Action, but only at the time such witness is giving testimony or preparing for such testimony;

g. court reporters and/or videographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this Litigation;

h. the Court and its personnel; and

i. any other Person hereinafter designated by written stipulation of the Parties and, if different, the Producing Party.

A Party has the right to object to the designation of employees pursuant to Paragraph 2(a) by providing written notice of the objection and the reason(s) for the objection to the designating Party within seven (7) days of the designation. The Parties shall meet and confer within seven (7) days of the date of such notice to attempt in good faith to resolve the objection. If the objection has not been resolved by the Parties, the objecting Party shall present its objection to the Court by filing a motion in accordance with the Court's rules on motion practice.

3. No Confidential Discovery Material may be disclosed to any Person pursuant to Paragraph II(B)(2) of this Order unless counsel first informs such Person that, pursuant to this Order, the material to be disclosed may only be used for purposes of this Litigation and must be kept confidential. Prior to any disclosure of any Confidential Discovery Material to any Person referenced in Paragraph II(B)(2)(e) above, such Person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that Person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement.

4. No Person subject to this Order other than the Producing Person shall disclose any of the Discovery Material designated by the Producing Person as Attorneys Eyes Only to any other Person whomsoever, except to:

   a. up to three in-house counsel from each Party, to be identified by each Party in writing at any time after the Court enters this Order;

   b. counsel retained specifically for this Action, including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter;

    c. as to any Document, its author and any addressee or other Person expressly referenced in or indicated on the face of the Document as having received a copy of such Document;

    d. stenographers engaged to transcribe depositions conducted in this Action;

    e. the Court and its personnel;

    f. any Person specifically retained by a Party to serve as an expert witness, consultant, or otherwise providing specialized advice to counsel in connection with this Action, provided that such Person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

    g. any witnesses giving testimony during a deposition, court hearing, or trial in this Action, but only at the time such witness is giving testimony or preparing for such testimony;

    h. court reporters and/or videographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation.

A Party has the right to object to the designation of in-house counsel pursuant to Paragraph II(B)(4)(a) by providing written notice of the objection and the reason(s) for the objection to the designating Party within seven (7) days of the designation. The Parties shall meet and confer within seven (7) days of the date of such notice to attempt in good faith to resolve the objection. If the objection has not been resolved by the Parties, the objecting Party shall present its objection to the Court by filing a motion in accordance with the Court's rules on motion practice.

    5. No Attorneys Eyes Only information may be disclosed to any Person pursuant to Paragraph II(B)(4) of this Order unless counsel first informs such Person that pursuant to this Order, the material to be disclosed has been designated as Attorneys Eyes Only, may be used only

for purposes of this Litigation, and must be kept confidential as provided in Paragraph II(B)(4) of this Order. Prior to any disclosure of any Attorneys Eyes Only Discovery Material to any Person referenced in Paragraph II(B)(4)(f), such Person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that Person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement.

6.This Order shall not preclude counsel for the Parties from using Confidential or Attorneys Eyes Only Discovery Material during any deposition in this Litigation.

7.Any Party who seeks to file with the Court any document that has previously been designated by a Designating Person as Confidential or Attorneys Eyes Only Discovery Materials, or any pleading, brief, or memorandum which reproduces, paraphrases or discloses Confidential or Attorneys Eyes Only Discovery Materials, shall either (a) obtain the Designating Person's permission to file such materials in the public record, or (b) seek leave of the Court to file the document under seal pursuant to the procedures for filing documents under seal in accordance with the Court's Individual Practices. If a Party believes that documents designated as Confidential or Attorneys Eyes Only Discovery Materials cannot or should not be sealed, pursuant to the procedures and rules of this Court, then the Party wishing to file the materials shall identify with particularity the documents or information that it wishes to file in the public record to the Designating Person, in writing. The Parties will then meet and confer, in a good faith effort to resolve the dispute. Failing agreement, the Party wishing to file the materials must request a ruling pursuant to the procedures for filing documents under seal in accordance with this Court's Individual Practices on whether the Confidential or Attorneys Eyes Only Discovery Materials in question must be submitted under seal. The Designating Person shall have the burden of justifying

that the materials must be submitted under seal. Absent written permission from the Designating Person or a Court order denying a motion to seal, a receiving Party may not file in the public record any Confidential or Attorneys Eyes Only Discovery Materials. The Parties acknowledge that nothing in this Order purports to authorize the Parties to file documents under seal without a prior Court order.

8. Within sixty (60) days after the final resolution of this Litigation, including the resolution of all appellate proceedings, and upon the request of the Producing Person, all documents and copies of Discovery Materials designated as Confidential or Attorneys Eyes Only information shall be either returned to the Producing Person or destroyed.

9. Each Person who has access to Discovery Material that has been designated as Confidential or Attorneys Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. Extracts and summaries of Confidential or Attorneys Eyes Only Discovery Material shall also be treated in accordance with the provisions of this Stipulation.

### C. Privileged or Work Product Materials

1. Any inadvertent disclosure of Privileged Material in connection with this Litigation will not be construed as a waiver or forfeiture, in whole or in part, of the Producing Person's claims of attorney-client privilege, work-product protection, or any other applicable protection, either as to the specific Privileged Material disclosed or as to the subject matter of the Privileged Material disclosed, regardless of the Producing Person's diligence in initially attempting to prevent such disclosure. Any inadvertent disclosure of Privileged Material in connection with this Litigation shall not constitute a waiver or forfeiture of any privilege or protection in this Litigation or in any other federal, state, or local proceeding.

2. If Privileged Material is inadvertently produced, the Producing Person shall be entitled to "claw back" such Privileged Material and to have all copies either returned or destroyed. A Producing Person who seeks to claw back Privileged Material is entitled to do so, regardless of the Producing Person's diligence in initially attempting to prevent such an inadvertent disclosure. To the extent possible, the Producing Person will claw back only the portions of Discovery Material containing information subject to a claim of attorney-client privilege or attorney work product protection.

3. Upon receiving a Producing Person's request for the "claw back" of Privileged Material, the receiving Party shall, within five (5) business days of its receipt of such request, return or destroy all copies of the Privileged Material, and provide a certification of counsel attesting to the return or destruction of such Privileged Material. In addition, within the same five (5) business day period, the Producing Person shall produce a privilege log describing the Privileged Material to be clawed back and the basis for the claim of privilege.

4. The Producing Person retains the burden of establishing the privileged or protected nature of information contained in Discovery Materials. Nothing in this Order shall limit the right of any Party to move to compel the production or request an *in camera* review of Privileged Material that has been clawed back by a Producing Person.

### D. Miscellaneous Provisions

1. The failure to designate Discovery Materials as Confidential or Attorneys Eyes Only shall not constitute a waiver of the assertion that the materials are covered by this Order.

2. Should any Party or Person bound by this Order receive any form of process from a Third Party seeking or requiring disclosure of Discovery Materials produced in this Action and designated Confidential or Attorneys Eyes Only, such Party or Person shall give notice to the

Producing Person within ten (10) days from the date of receiving said request or seven (7) days prior to the deadline for responding to the request, whichever is sooner, and such notification shall be in writing.

3. Nothing in this Order shall affect the rights of the Parties, Producing Parties, or Third Parties to object to discovery on grounds other than those related to the protection of Confidential information, nor shall it preclude any Party or Third Party from seeking further relief or protective orders from this Court as may be appropriate under the Federal Rules of Civil Procedure.

4. Nothing herein is designed to foreclose any Person's right to seek further or additional relief from the Court with respect to Discovery Material.

5. The provisions of this Order shall survive the conclusion of this Action.

6. This Court shall retain jurisdiction over all Persons subject to this Order to the extent necessary to enforce any obligations arising hereunder and/or to impose sanctions for any violations of the same.

7. This Order does not apply to or govern the use of Confidential or Attorneys Eyes Only designated information by either Party at trial. Such use shall be determined by appropriate Order of the Court upon noticed motion.

8. This Order may be amended for good cause shown.

Stipulated and agreed to by the Parties on December 10, 2024.

| | |
|---|---|
| */s/ Christopher J. McNamara* | */s/ Joan Toro* |
| Christopher J. McNamara | Joan Toro |
| Samuel J. Fishman | 4 Irving Place, 18th Floor |
| Foley & Lardner LLP | New York, NY 10003 |
| 90 Park Avenue | (646) 276-5135 |
| New York, NY 10016 | toroj@coned.com |
| (212) 338-3497 | |
| christopher.mcnamara@foley.com | *Attorneys for Defendants* |
| sfishman@foley.com | *Consolidated Edison, Inc. and* |
| | *Orange and Rockland Utilities, Inc.* |

Tony Tootell (*pro hac vice*)
Foley & Lardner LLP
555 Flower Street
Suite 3300
Los Angeles, CA 90071
(213) 972-4796
ttootell@foley.com

*Attorneys for Plaintiff Nexamp, Inc.*


SO-ORDERED
THIS __27__ DAY OF DECEMBER 2024

_____
HON. JESSICA G. L. CLARKE
UNITED STATES DISTRICT JUDGE

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEXAMP, INC., <br><br> Plaintiff, <br><br> -against- <br><br> CONSOLIDATED EDISON, INC. and ORANGE AND ROCKLAND UTILITIES, INC., <br><br> Defendants. | Case No. 1:24-cv-01502-JGLC |

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read, understand, and agree to be bound by the Protective Order in this Action governing the use and non-disclosure of those portions of Discovery Material that have been designated as Confidential and/or Attorneys Eyes Only. I hereby agree that I will use or disclose such Confidential or Attorneys Eyes Only Discovery Material only as expressly permitted by the Protective Order and only for purposes of this Litigation; I will not use or disclose, or cause to be used or disclosed, Confidential or Attorneys Eyes Only information for the commercial or competitive benefit of any Party or a competitor to any Party in this Litigation; I will take all reasonable measures to protect the confidentiality of all such Discovery Material; at the conclusion of the Litigation, I will return all such Discovery

Material to the Party or attorney from whom I received it; and I will promptly notify in writing all counsel of record in this Litigation of any unauthorized use or disclosure of Confidential or Attorneys Eyes Only Discovery Material of which I may become aware at any time.

By acknowledging and agreeing to these obligations under the Protective Order, I understand and agree that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Date: _____          Signature:    _____

                                      Print Name:  _____

                                      Address:     _____

                                                        _____